IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BRITTANY FROST, | ) | |
| ADMINISTRATOR OF THE ESTATE | ) | |
| OF CHRISTINA LYNN CECI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:18-CV-918 |
| | ) | |
| VERNEE BELCHER, M.D., DUKE | ) | |
| UNIVERSITY HEALTH SYSTEMS, | ) | |
| INC., d/b/a DUKE MEDICINE and | ) | |
| DUKE UNIVERSITY MEDICAL | ) | |
| CENTER, and THE UNITED STATES | ) | |
| OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, District Judge.

Plaintiff Brittany Frost is the administrator of the estate of Christina Lynn Ceci, who died in January 2015 after being treated by Lincoln Community Health Center, a federally supported health center. The Federal Tort Claims Act applies to her wrongful death claim against the United States, which is based on Lincoln's alleged medical negligence. Because Ms. Frost did not present her FTCA claim to the appropriate government agency within the FTCA's two-year statute of limitations, did not file her state lawsuit in time for the FTCA's savings clause to apply, and has not shown extraordinary circumstances that would merit equitable tolling, the Court will grant summary judgment in favor of the United States.

## I.       Background and Facts

After the United States moved to dismiss on statute of limitations grounds and once briefing was complete, the Court converted the motion to dismiss to a summary judgment motion pursuant to Rule 12(d) of the Federal Rules of Civil Procedure. *See* Doc. 19 at 2. The Court listed matters it understood to be undisputed and allowed the parties to submit any additional evidence or briefing necessary to supplement or dispute these matters. *Id.* at 2–5. Only Ms. Frost submitted additional briefing and evidence. Docs. 20–20-8. She did not dispute the Court's understanding except to submit a letter showing her first administrative claim was filed on July 3, 2017, and not July 10, 2017. *See* Doc. 20 at 4; Doc. 20-5 at 2 (July 3, 2017, letter to the United States Department of Health and Human Services). For purposes of this motion, the Court will use the date of on or about July 3, 2017. Ms. Frost otherwise supplemented the record with some additional facts, none of which the United States disputed.

The record shows as follows:

1. Christina Lynn Ceci passed away on January 24, 2015, after receiving medical treatment at Lincoln. Doc. 4 at ¶¶ 3, 19–52.

2. An autopsy performed the next day indicated Ms. Ceci had various types of "thromboembolus" in multiple locations in her pulmonary artery. Doc. 4 at ¶¶ 99–100. Her death certificate lists her cause of death as "sudden cardiac death" and "acute pulmonary embolism." Doc. 20-1 at 2.

3. The wrongful death claim arising out of Ms. Ceci's death accrued at the latest on or about January 25, 2015.

4. The statute of limitations in North Carolina for wrongful death due to medical malpractice is two years. *See* N.C. Gen. Stat. § 1-53.

5. In January 2017, the Superior Court gave Ms. Frost an extension until May 2017 to file a complaint in compliance with Rule 9(j) of the North Carolina Rules of Civil Procedure. *See* Doc. 16-2 at 2; Doc. 20-3 at 2.

6. On May 12, 2017, Ms. Frost filed a wrongful death claim in Durham County Superior Court against those who provided medical care to Ms. Ceci in the months before her death, including Lincoln Community Health Center, Inc. *See* Doc. 20-2 at 2.

7. On June 12, 2017, private counsel for Lincoln notified Ms. Frost, through her attorney, that Lincoln is a community health center covered by the Public Health Service Act and subject to the Federal Tort Claims Act. Doc. 20-4 at 16. Ms. Frost was unaware that the FTCA applied to Lincoln until Lincoln's counsel told her of this fact. *See* Doc. 20 at 3; Doc. 7-2 at 1–2.

8. On July 3, 2017, Ms. Frost filed an administrative claim with HHS based on Lincoln's allegedly negligent medical care of Ms. Ceci. Doc. 20-5 at 3.

9. The United States removed Ms. Frost's state court civil action to this Court in October 2017, asserting that Lincoln and its employees were covered

under the Federal Tort Claims Act. *See* Notice of Removal, *Frost v. Belcher*, No. 1:17-cv-926, Doc. 1 at 2 (Oct. 13, 2017).

10. After substituting the United States for Lincoln as the appropriate defendant, *see* Order, *Frost v. Belcher,* No. 1:17-cv-926, Doc. 10 (Oct. 27, 2017) (Mag. J.), this Court granted the motion to dismiss the United States for lack of jurisdiction in December 2017 based on a failure to exhaust administrative remedies. Doc. 20-6 at 3.

11. After dismissing the claim against the United States, the Court remanded the case to state court. Order, *Frost v. Belcher*, No. 1:17-cv-926, Doc. 23 (Feb. 28, 2018).

12. In January 2018, HHS denied Ms. Frost's administrative claim, stating it was untimely because it was filed more than two years after Ms. Ceci's death. Doc. 7-1; Doc. 20-7.

13. Ms. Frost asked HHS to reconsider its decision, Doc. 7-2 at 1; Doc. 16-1 at 2; Doc. 20-8 at 2, and HHS denied this request in August 2018. Doc. 7-3.

14. On October 18, 2018, Ms. Frost filed an amended complaint in the state court wrongful death case, adding Lincoln back into the litigation as a defendant, Doc. 4 at 1, and the United States again removed the action to this Court. Doc. 1 at 2.

15. The Court granted the uncontested motion to substitute the United States as the proper party in place of Lincoln.  Doc. 18.

Based on this record, the United States contends that Ms. Frost's claim against the United States is untimely and precluded under the FTCA.  Ms. Frost contends that her claim was timely under the FTCA because her original state action was filed within the North Carolina statute of limitations, as extended by the Superior Court's order.

## II.     The Federal Tort Claims Act

The Federal Tort Claims Act permits recovery against government entities and their employees for certain torts, including wrongful death, by providing a limited waiver of the sovereign immunity of the United States government. 28 U.S.C. § 1346(b)(1); *United States v. Gaubert*, 499 U.S. 315, 318 n.4 (1991); *Raplee v. United* States, 842 F.3d 328, 331 (4th Cir. 2016), *cert denied*, 137 S. Ct. 2274 (2016).  To maintain a claim under the FTCA, claimants must satisfy several procedural requirements.

### a.  Timely Exhaustion

Claimants must first exhaust their administrative remedies by presenting claims against the United States to the appropriate federal agency before initiating a civil action in federal district court.  Specifically, the FTCA provides that:

> An action shall not be instituted upon a claim against the United States for money damages for . . . death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency. . . .

28 U.S.C. § 2675(a).

Claimants must present their claims to the appropriate federal agency within two years after the claim accrues. 28 U.S.C. § 2401(b); *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1632 (2015) (noting § 2401(b) "speaks . . . to a claim's timeliness"). If the federal agency does not grant the claim, claimants must commence a civil action within six months after notice of a final denial. 28 U.S.C. § 2401(b); *see also Raplee*, 842 F.3d at 330 (noting that "the FTCA bars any tort claim against the United States unless the action is begun with six months" of notice of denial). Thus, § 2401 requires a claimant to both present her claim within two years and initiate her lawsuit within six months of the denial of the claim. *Kwai Fun Wong*, 135 S. Ct. at 1629; *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986).[1]

### b. The Savings Clause

As in this case, it is not always clear to plaintiffs that the defendant they intend to sue is a government entity subject to the FCTA's procedural requirements. To allay the

---

[1] Section 2401(b) is written in the disjunctive, joining the two-year and six-month requirements with an "or." The Supreme Court and the Fourth Circuit have applied the word "or" in § 2401(b) in the conjunctive rather than disjunctive, *see Kwai Fun Wong,* 135 S. Ct. at 1629; *Henderson*, 785 F.2d at 123, as have other circuits. *See, e.g., Sconiers v. United States*, 896 F.3d 595, 599 (3d Cir. 2018); *Sanchez v. United States*, 740 F.3d 47, 50 n.6 (1st Cir. 2014); *Ellison v. United States*, 531 F.3d 359, 361 (6th Cir. 2008); *Houston v. U.S. Postal Serv.*, 823 F.2d 896, 902 (5th Cir. 1987); *Dyniewicz v. United States*, 742 F.2d 484, 485 (9th Cir. 1984); *Willis v. United States*, 719 F.2d 608, 610 (2d Cir. 1983); *Schuler v. United States*, 628 F.2d 199, 201 (D.C. Cir. 1980).

unfairness of such circumstances, Congress enacted a "savings clause" that waives the

two-year requirement if certain conditions are met:

> Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if—
>
> (A)  The claim would have been timely had it been filed on the date the underlying civil action was commenced, and
>
> (B)   The claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

28 U.S.C. § 2679(d)(5).

This provision allows parties who have unknowingly failed to seek and exhaust

their administrative remedies—by initiating a court action against what appeared to be a

private entity that is then replaced by the United States as a defendant—to have a second

chance even if they did not seek administrative relief within the two-year statute of

limitations.  To qualify, claimants must have (*i*) initiated their original action such that it

"would have been timely" if brought against the correct party and (*ii*) presented the claim

to the appropriate agency within 60 days of the dismissal of the action.  *Id.*; *see also*

*Klepack v. United States*, No. 5:13–CV–124, 2014 WL 12602873, at *3 (N.D. W.Va.

Apr. 10, 2014).

The statute does not explicitly state whether a claim "would have been timely" if

filed within the two-year statute of limitations under § 2401(b) or within the applicable

state statute of limitations for the underlying claim.  Other circuit courts and district

7

courts within this circuit have uniformly applied the federal two-year statute of limitations. *See, e.g.*, *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 84 (2d Cir. 2005) (applying federal two-year statute of limitations to find FTCA suit removed from state court untimely); *McLaurin v. United States*, 392 F.3d 774, 782 & n.33 (5th Cir. 2004) (stating federal two-year statute of limitations applies to FTCA suit removed from state court); *Browning v. United States*, No. 5:13-cv-21980, 2013 WL 12109514, at *4 (S.D.W. Va. Dec. 23, 2013) (applying federal two-year statute of limitations to find FTCA medical malpractice action removed from state court untimely), *aff'd*, 584 F. App'x 149 (4th Cir. 2014) (per curiam); *Logan v. United States*, 851 F. Supp. 704, 707–08 (D. Md. 1994) (applying federal two-year statute of limitations to find FTCA suit originally filed in state court untimely).

While there does not appear to be a published Fourth Circuit case on point, the Fourth Circuit in an unpublished case has stated that an administrative claim is timely under § 2679(d)(5) "if . . . the claim would have been timely under the *FTCA's two-year statute of limitations* had it been filed on the date the underlying civil action was commenced." *Browning*, 584 F. App'x at 149 (emphasis added, internal quotations and alterations omitted). The plaintiff has not cited any case to the contrary.

The savings clause thus does not offer fail-safe protection, and if the state statute of limitations is longer than the FTCA statute of limitations, a plaintiff still may face dismissal. As the Second Circuit articulated in *Celestine*:

> If . . . the federal statute of limitations is shorter than the state statute, a plaintiff (reasonably thinking that he has a state law claim) may well bring suit within the state statute-of-limitations window, and yet be outside the federal one. Such a plaintiff would find himself barred under the Westfall Act [enacting the savings clause under § 2679(d)]. And . . . it is . . . unjust to treat such a timely state suit as federally barred. For that plaintiff, the Westfall Act provides no salve.

403 F.3d at 84. Nonetheless, the federal two-year statute of limitations applies, though the Second Circuit noted that some circumstances "may well require equitable tolling" where the state statute of limitations is longer. *Id.*

### c. Equitable tolling

The Supreme Court has confirmed that "equitable tolling is available in suits against the Government." *Kwai Fun Wong*, 135 S. Ct. at 1633 ("[T]ime limits in the FTCA are just time limits, nothing more. Even though they govern litigation against the Government, a court can toll them on equitable grounds."). In the Fourth Circuit, plaintiffs are entitled to equitable tolling of FTCA deadlines "only if they show that they have pursued their rights diligently <u>and</u> extraordinary circumstances prevented them from filing on time." *Raplee*, 842 F.3d at 333 (emphasis in original). Equitable tolling is "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* (internal quotations omitted); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) (noting that equitable tolling should be applied "sparingly"); *Ott v. Md. Dep't of Pub. Safety & Corr. Servs.*, 909 F.3d

655, 660–61 (4th Cir. 2018) (denying equitable tolling of statute of limitations applicable under Maryland law).

## III.    Discussion

The parties agree that the wrongful death claim arising out of Ms. Ceci's death accrued at the very latest on the date of her autopsy, on or about January 25, 2015. *See* Doc. 19 at 3 ¶ 3 (December 28 Order); *Miller v. United States*, 932 F.2d 301, 304 (4th Cir. 1991) ("A medical malpractice claim under the FTCA accrues when the claimant first knows of the existence of an injury and its cause."); Doc. 4 at ¶¶ 99–100 (alleging Ms. Ceci's cause of death from pulmonary embolism was identified in an autopsy performed on January 25, 2015). Since her claim accrued on or about January 25, 2015, Ms. Frost needed to either bring her administrative claim within two years—on or before January 25, 2017—for it to be timely under § 2401(b) or to file her state law claim against Lincoln on or before the same date for it to be timely under § 2679(d)(5)'s savings clause. She did not bring her administrative claim until July 2017, and it is therefore untimely under § 2401(b).

As to whether her claim is otherwise timely under the savings clause, Ms. Frost agrees that her first state court action was "indisputably filed outside" the federal two-year statute of limitations, *see* Doc. 16 at 3, and she does not dispute any material facts relevant to the timing of her state, federal, or administrative claims. Instead, she contends that "her underlying State Court Complaint was . . . timely filed" because she filed it

"within the period allowed by the [Superior] Court's rule 9(j) Order." Doc. 20 at 2; *see also* Doc. 16 at 4–5. She references no case law, legislative history, or other authority to support her contention that the state statute of limitations applies to § 2679(d)(5) or that a claim filed after the federally-imposed two-year period is timely because a state court extended a state statute of limitations on the claim. *See* Doc. 16 at 4–5; Doc. 20 at 2.

Contrary to Ms. Frost's interpretation and as noted above, courts in this circuit and other circuits determine whether a state court action was "timely" under the FTCA by applying the federal two-year statute of limitations, not the corresponding state statute of limitations. *See, e.g.*, *Browning*, 2013 WL 12109514 at *4; *Logan*, 851 F. Supp. at 707–08; *Celestine,* 403 F.3d at 84; *McLaurin*, 392 F.3d at 782 & n.33. "[F]ederal law defines the limitations period and determines when that cause of action accrued" under the Federal Tort Claims Act, *Miller*, 932 F.2d at 303, and "state laws do not serve to toll or delay the accrual date or statute of limitations." *Kinson v. United States*, 322 F. Supp. 2d 684, 686 (E.D. Va. 2004); *see also Klepack*, 2014 WL 12602873, at *3 ("State tolling provisions . . . do not apply to the FTCA."). Accordingly, a state court's extension of the state statute of limitations will not render timely an FTCA claim filed after the federal two-year statute of limitations has passed. *See Kinson*, 322 F. Supp. 2d at 686 (finding federal claim filed more than six months after administrative claim's denial was untimely notwithstanding Virginia law tolling the statute of limitations).

In her opposition to the Government's motion, Ms. Frost did not specifically contend that she is entitled to equitable tolling. Doc. 16. The United States asserted in its reply brief that equitable tolling does not apply, Doc. 17 at 4–5, and Ms. Frost again did not address this issue in her supplemental briefing. *See* Doc. 20. She did point out, however, that she "had no way to know" of Lincoln's "secret identity" as "part of the United States government," and that she diligently sought administrative review within weeks of learning about Lincoln's status. Doc. 20 at 3.

To the extent this constitutes a request for equitable tolling, Ms. Frost has not met the standard. While the evidence might well support an inference that Ms. Frost diligently pursued her rights after she learned about Lincoln's status, there is no evidence that she did so during the two years after Ms. Ceci's death, and Ms. Frost has not explained why she was not able to comply with the state Rule 9(j) requirements during that time frame. She offered no evidence that Lincoln or the United States prevented her from discovering that Lincoln would be subject to the Federal Tort Claims Act, and she did not identify any other "circumstances external to her own conduct," *Raplee*, 842 F.3d at 333, that caused the delay. *See Klepack*, 2014 WL 12602873, at *7 (equitably tolling FTCA limitations period after plaintiff showed medical provider wrongfully withheld medical records showing defendant's true employer, which was not listed in public records or websites, and that the government database of deemed federal health centers returned no results for the entity plaintiff believed to employ the defendant). As to Ms.

Frost's efforts to comply with North Carolina's malpractice claim requirements, the Fourth Circuit has declined to apply equitable tolling in a similar case involving Maryland state filing rules. *See Raplee*, 842 F.3d at 333–34.

In the absence of evidence that Ms. Frost pursued her rights diligently and that extraordinary circumstances prevented her from filing on time, equitable tolling does not apply. *See id.* at 333; *Gonzalez v. United States*, 284 F.3d 281, 291 (1st Cir. 2002).

## IV. Conclusion

Ms. Frost did not present her federal claim to the appropriate federal agency within the federal two-year statute of limitations, as required by § 2401(b), and she did not timely file her state claim such that the savings clause in § 2679(d)(5) applies. Her claim is barred by the terms of the FTCA and her claim against the United States will be dismissed with prejudice.

The Court anticipates entering judgment in favor of the United States and, as there is no reason to exercise supplemental jurisdiction, then remanding the rest of the case back to state court, as time permits.

**SO ORDERED** this the 8th day of February, 2019.

_____
UNITED STATES DISTRICT JUDGE